

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEMBRO STORES, INC.,                                   x | 07 CIV 6766 |
|                    Plaintiff,                          : | Civil Action No. |
|     v.                                                  : | |
| SHLOMO FAKSE, YS DESIGNING OF :<br>NEW YORK, INC.,       | COMPLAINT |
|                                                         : | JURY TRIAL IS<br>DEMANDED |
|                    Defendants.                          : | |
|                                                        x | |

## COMPLAINT

Plaintiff, Jembro Stores, Inc. ("Plaintiff" or "Jembro"), by and through its undersigned counsel, as and for its complaint against the above captioned Defendants Shlomo Fakse and YS Designing of New York, Inc. (hereinafter "Fakse" and "YS"), alleges as follows:

### Nature of the Case

1. This case involves a fraud committed in the sale of curtain products. At a meeting at Fakse's office at 1350 Broadway, Fakse and YS explicitly assured Plaintiff its curtains were high quality, genuine and original goods, when they knew the goods were not. In fact, Defendants sold counterfeit products to Plaintiff knowing Plaintiff and its customers would be fooled into purchasing them. Then Defendant Fakse breached his agreed duty to make the situation right by paying for the damage to Jembro.

**Parties**

2. Plaintiff Jembro Stores, Inc., is a New Jersey Corporation with a central place of business at 4 Cragord Road, Avenel, New Jersey 07001.

3. Plaintiff is a family owned and operated chain of variety stores, selling a wide range of merchandise, from furniture to clothing.

4. Plaintiff has a policy for its customers' benefit to seek generic or surplus goods, to lower costs. It also has a chain of stores, and purchases in bulk.

5. On information and belief, Defendant Shlomo Fakse ("Fakse") is an individual with an office at 1350 Broadway, New York, NY, selling wholesale home furnishing products, including draperies and other merchandise to retailers. On information and belief, he has a residence at 2401 Hubbart Street, Brooklyn, New York 11235-6104.

6. On information and belief, Defendant YS Designing of New York, Inc ("YS") is a New York corporation with offices at 1350 Broadway, New York, NY, that sells home furnishing products, including draperies to retailers. On information and belief, YS does business under the name "Paris Textiles," and is owned and run by Fakse.

7. Each Defendant is a citizen of or has substantial contacts with the State of New York and the Southern District of New York, insofar as each carries on substantial business, or business activity, in the State of New York. Moreover, Defendants Fakse and YS transact or transacted business within the State of New York, contracted to transact business to supply goods and services in the State of New York, committed fraudulent and tortious acts within the State of New York, causing damage to Plaintiff within the State of New York, solicit business and/or engage in other persistent conduct within the State of New York, or derive substantial revenue from goods used or consumed or services rendered within the State of New York, expect or should have expected his or its acts to have consequences in the State of New York, derive or derived substantial revenue from interstate and international commerce, owned, used or possessed property situated in the State of New York, and thus each is within substantive State long-arm jurisdictional provisions.

## Jurisdiction

8. Plaintiff is a New Jersey corporation with stores in New Jersey, and Defendants are in New York. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338, § 1441, because it is a civil action between citizens of different States, where the matter in controversy exceeds the value of $100,000.00 (one hundred thousand dollars), exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a).

## Facts

10. Plaintiff has a policy of only purchasing genuine goods.

11. Plaintiff has a good reputation, and Plaintiff's customers know that it sells only genuine goods at greatly reduced prices.

12. Plaintiff has been offered, at times, goods that appear infringing or counterfeit, and has always refused them.

13. Though known for low prices, Plaintiff seeks out good value for its customers, but insists on never allowing unlicensed copies, or counterfeit goods in its store.

14. Plaintiff's business philosophy is to pay close attention to detail and to put the customer first. Its customers know from decades of quality control that Plaintiff sells only genuine goods at good prices.

15. In or about 2002, Defendant Fakse began selling Plaintiff curtains and other merchandise for resale in its stores. Defendant Fakse or his agent, Bruce Daret, would contact Plaintiff's buyer, Benjamin Wygoda, frequently, offering goods for sale. Wygoda and Fakse met at Fakse's office monthly concerning such sales.

16. On or about July 16, 2003, and on or about December 1, 2003, and multiple times in the weeks that followed, Defendant Fakse contacted Mr. Wygoda and represented to Plaintiff that Fakse had specially designed draperies from an Italian design house ("the items").

17. Wygoda specifically informed Fakse that Jembro would not buy or sell knock off or copied designs.

3

18. In multiple telephone calls in July, November, and December 2003, and in meetings on or about the 24th of July and the 3rd of December, Fakse stated that the merchandise was high quality, genuine products with "original Italian designer fabric."

19. Relying on these representations by Fakse and YS, Jembro ordered, paid for, and purchased the items. Relying on these representations, Jembro placed the items on sale at its stores in New Jersey and New York, and told customers they were genuine, original Italian designer products.

20. Jembro's customers in New Jersey and New York purchased the items

21. On January 7, 2005, Miroglio S.p.A. filed suit for copyright infringement against Jembro alleging that the items contained fabric infringing Miroglio's copyright ("the lawsuit"). The alleged copyright looked similar to the fabric on the items.

22. Jembro's president, Morriss Beyda, and Jembro's buyer, Benjamin Wygoda, called Fakse demanding he defend Jembro in the suit and reimburse for damages caused by his apparent misrepresentations. Fakse admitted he was responsible and liable, and told Beyda and Wygoda that Fakse would defend Jembro in the case, cover any costs, "look out for your [Jembro's] interests," and for Jembro to "not worry." Fakse stated that he would have his lawyer defend Jembro.

23. Neither Fakse nor any of his representatives ever informed Jembro that it was vitally important for Jembro to produce its invoices or other evidence of deductions in the lawsuit.

24. Plaintiff Miroglio filed a motion for summary judgment in the lawsuit, and it was referred to Magistrate Judge Gorenstein. Judge Gorenstein issued a report and recommendation that Jembro pay damages to Miroglio in the amount of its alleged total revenue from the items, $36,000.00 (thirty six thousand dollars).

25. When informed this, Beyda and Wygoda went to Fakse's office at 1350 Broadway. At the meeting, Fakse admitted responsibility and liability, but stated he would not make good on his prior promises to reimburse because he didn't want to deplete his money.

26. Fakse stated he would close his corporation (YS) to protect his home and personal assets.

## FIRST COUNT – FRAUD AND DECEIT

27. Plaintiff repeats all previous paragraphs.

28. Defendants' actions defrauded Plaintiff out of the cost of the items, the profit Jembro would have made, the money Jembro paid its employees in connection with this activity, the cost of paying independent counsel in the lawsuit, and the damage to Jembro's business and reputation in apparently selling copied designs, as well as other damages.

## SECOND COUNT – BREACH OF FIDUCIARY DUTY

29. Plaintiff repeats all previous paragraphs.

30. Defendant Fakse misrepresented himself to be acting as an agent of Jembro in covering all costs, in defending the lawsuits, and thereby entered into a special relationship with Plaintiff, then breached his promises and fiduciary duty to Jembro, damaging it in an amount over $100,000 00 (one hundred thousand dollars).

## THIRD COUNT – UNJUST ENRICHMENT

31. Plaintiff repeats all previous paragraphs

32. As a result of Defendants' activities, Defendants have an will be unjustly enriched in an amount of at least $100,000 00 (one hundred thousand dollars)

## FOURTH COUNT – RESCISSION

33. Plaintiff repeats all previous paragraphs.

34. Plaintiff seeks rescission of the contracts of sale of the items from Defendants, together with equitable remedies.

## FIFTH COUNT – COMPENSATORY DAMAGES

35. Plaintiff repeats all previous paragraphs.

36. As a result of Defendants' intentionally tortious and fraudulent acts and misrepresentations, Plaintiff has suffered consequential damages in loss of actual

5

money, business, time, and reputation in an amount to be determined, but above $100,000.00 (one hundred thousand dollars).

## SIXTH COUNT – PUNITIVE DAMAGES

37. Plaintiff repeats all previous paragraphs.

38. As a result of the wanton, reckless, and deliberately malicious activity of Defendants, carried out with conscious indifference and utter disregard as to the effects of said activity on the rights of Plaintiff, Plaintiff Jembro is entitled to punitive damages in an amount to be determined at trial, but in any case no less than $1,000,000.00 (one million dollars).

**WHEREFORE**, Plaintiff demands judgment in an amount to be determined at trial.

Respectfully submitted,

Kenneth S. Feldman (KF 6003)
Feldman Law Group, PC
12 East 41st Street
New York, NY  10017
Phn: 212/532-8585
Fax: 212/532-8598

6