UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEMBRO STORES, INC.,                    x
                                        :
        Plaintiff,                   :    Civil Action No. 07CV 6766
                                        :
v.                                      :
                                        :
SHLOMO FAKSE, YS DESIGNING OF          :    AMENDED
NEW YORK, INC.,                         :    COMPLAINT
                                        :    JURY TRIAL IS
        Defendants.                  :    DEMANDED
                                        :
---------------------------------------x

## AMENDED COMPLAINT

Plaintiff, Jembro Stores, Inc. ("Plaintiff" or "Jembro"), by and through its undersigned counsel, as and for its complaint against the above captioned Defendants Shlomo Fakse and YS Designing of New York, Inc. (hereinafter "Fakse" and "YS", collectively "Defendants"), alleges as follows:

### Nature of the Case

1. This case involves a fraud committed in the sale of curtain products. At a meeting at Defendants' office at 1350 Broadway, Fakse and YS explicitly assured Plaintiff its curtains were high quality, genuine and original goods, when they knew the goods were not. In fact, Defendants sold counterfeit products to Plaintiff knowing Plaintiff and customers would be fooled. Then Defendants breached their agreed duty to make the situation right by admitting the truth and paying for the damage. This constitutes violation of the Lanham Act, Breach of Contract, and other causes of action.

## Parties

2. Plaintiff Jembro Stores, Inc., is a New Jersey Corporation with a central place of business at 4 Cragord Road, Avenel, New Jersey 07001.

3. Plaintiff is a family owned and operated chain of variety stores, selling a wide range of merchandise, from furniture to clothing.

4. Plaintiff has a policy for its customers' benefit to seek generic or surplus goods, to lower costs, but never to sell counterfeit or infringing goods.. It also has a chain of stores, and purchases in bulk.

5. On information and belief, Defendant Shlomo Fakse ("Fakse") is an individual with an office at 1350 Broadway, New York, NY, selling wholesale home furnishing products, including draperies and other merchandise to retailers. On information and belief, he has a residence at 2401 Hubbart Street, Brooklyn, New York 11235-6104.

6. On information and belief, Defendant YS Designing of New York, Inc. ("YS") is a New York corporation with offices at 1350 Broadway, New York, NY, that sells home furnishing products, including draperies to retailers. On information and belief, YS does business under the name "Paris Textiles," and is owned and run by Fakse, who is the conscious moving force behind all its actions.

## Jurisdiction

7. Each Defendant is a citizen of or has substantial contacts with the State of New York and the Southern District of New York, insofar as each carries on substantial business, or business activity, in the State of New York. Moreover, Defendants Fakse and YS transact or transacted business within the State of New York, contracted to transact business to supply goods and services in the State of New York, committed fraudulent and tortious acts within the State of New York, causing damage to Plaintiff within the State of New York, solicit business and/or engage in other persistent conduct within the State of New York, or derive substantial revenue from goods used or consumed or services rendered within the State of New York, expect or should have expected his or its acts to have consequences in the State of New York, derive or derived substantial revenue from interstate and international commerce, owned, used or possessed

property situated in the State of New York, and thus each is within substantive State long-arm jurisdictional provisions.

8. Plaintiff is a New Jersey corporation with stores in New Jersey, and Defendants are in New York. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338, § 1441, because it is a civil action between citizens of different States, where the matter in controversy exceeds the value of $100,000.00 (one hundred thousand dollars), exclusive of interest and costs. There is also Federal question Jurisdiction under the Lanham Act.

9. Venue is proper in this District under 28 U.S.C. § 1391(a).

### Facts

10. Plaintiff has a policy of only purchasing genuine goods.
11. Plaintiff has a good reputation, and Plaintiff's customers know that it sells only genuine goods at greatly reduced prices.
12. Plaintiff has been offered, at times, goods that appear infringing or counterfeit, and has always refused them.
13. Though known for low prices, Plaintiff seeks out good value for its customers, but insists on never allowing unlicensed copies, or counterfeit goods in its store.
14. Plaintiff's business philosophy is to pay close attention to detail and to put the customer first. Its customers know from decades of quality control that Plaintiff sells only genuine goods at good prices.
15. In or about 2002, Defendant Fakse began selling Plaintiff curtains and other merchandise for resale in its stores. Defendant Fakse or his agent, Bruce Daret, would contact Plaintiff's buyer, Benjamin Wygoda, frequently, offering goods for sale. Wygoda and Fakse met at Fakse's office monthly concerning such sales.
16. On or about July 16, 2003, and on or about December 1, 2003, and multiple times in the weeks that followed, Defendant Fakse contacted Mr. Wygoda and represented to Plaintiff that Fakse had specially designed draperies from an Italian design house ("the items").

17. Wygoda specifically informed Fakse that Jembro would not buy or sell knock off or copied designs.
18. In multiple telephone calls in July, November, and December 2003, and in meetings on or about the 24th of July and the 3rd of December, Fakse stated that the merchandise was high quality, genuine products with "original Italian designer fabric."
19. Relying on these representations by Fakse and YS, Jembro ordered, paid for, and purchased the items. Relying on these representations, Jembro placed the items on sale at its stores in New Jersey and New York, and told customers they were genuine, original Italian designer products.
20. Jembro's customers in New Jersey and New York purchased the items.
21. On January 7, 2005, Miroglio S.p.A. filed suit for copyright infringement against Jembro alleging that the items contained fabric infringing Miroglio's copyright ("the lawsuit"). The alleged copyright looked similar to the fabric on the items.
22. Jembro's president, Morriss Beyda, and Jembro's buyer, Benjamin Wygoda, called Fakse demanding he defend Jembro in the suit and reimburse for damages caused by his apparent misrepresentations. Fakse admitted he was responsible and liable, and told Beyda and Wygoda that Fakse would defend Jembro in the case, cover any costs, "look out for your [Jembro's] interests," and for Jembro to "not worry." Fakse stated that he would have his lawyer defend Jembro.
23. Neither Fakse nor any of his representatives ever informed Jembro that it was vitally important for Jembro to produce its invoices or other evidence of deductions in the lawsuit.
24. Plaintiff Miroglio filed a motion for summary judgment in the lawsuit, and it was referred to Magistrate Judge Gorenstein. Judge Gorenstein issued a report and recommendation that Jembro pay damages to Miroglio in the amount of its alleged total revenue from the items, $36,000.00 (thirty six thousand dollars).
25. When informed this, Beyda and Wygoda went to Fakse's office at 1350 Broadway. At the meeting, Fakse admitted responsibility and liability, but stated he would not make good on his prior promises to reimburse because he didn't want to deplete his money.

26. Fakse stated he would close his corporation (YS) to protect his home and personal assets.

## FIRST COUNT – FRAUD AND DECEIT

27. Plaintiff repeats all previous paragraphs.
28. Defendants' actions defrauded Plaintiff out of the cost of the items, the profit Jembro would have made, the money Jembro paid its employees in connection with this activity, the cost of paying independent counsel in the lawsuit, and the damage to Jembro's business and reputation in apparently selling copied designs, as well as other damages.

## SECOND COUNT – BREACH OF FIDUCIARY DUTY

29. Plaintiff repeats all previous paragraphs.
30. Defendant Fakse misrepresented himself to be acting as an agent of Jembro in covering all costs, in defending the lawsuits, and thereby entered into a special relationship with Plaintiff, then breached his promises and fiduciary duty to Jembro, damaging it in an amount over $100,000.00 (one hundred thousand dollars).

## THIRD COUNT – UNJUST ENRICHMENT

31. Plaintiff repeats all previous paragraphs.
32. As a result of Defendants' activities, Defendants have an will be unjustly enriched in an amount of at least $100,000.00 (one hundred thousand dollars).

## FOURTH COUNT – RESCISSION AND INDEMNIFICATION

33. Plaintiff repeats all previous paragraphs.
34. Plaintiff seeks rescission of the contracts of sale of the items from Defendants, indemnification for any damage, together with equitable remedies.

## FIFTH COUNT – COMPENSATORY DAMAGES

35. Plaintiff repeats all previous paragraphs.
36. As a result of Defendants' intentionally tortious and fraudulent acts and misrepresentations, Plaintiff has suffered consequential damages in loss of actual

money, business, time, and reputation in an amount to be determined, but above $100,000.00 (one hundred thousand dollars).

### SIXTH COUNT – PUNITIVE DAMAGES

37. Plaintiff repeats all previous paragraphs:

38. As a result of the wanton, reckless, and deliberately malicious activity of Defendants, carried out with conscious indifference and utter disregard as to the effects of said activity on the rights of Plaintiff, Plaintiff Jembro is entitled to punitive damages in an amount to be determined at trial, but in any case no less than $1,000,000.00 (one million dollars).

### SEVENTH COUNT –FALSE DESIGNATION OF ORIGIN

4. Plaintiff repeats all previous paragraphs .

5. This cause of action arises under the Lanham Act for false designation of origin.

6. Defendants falsely represented to Plaintiff that the origin of the goods sold to Plaintiff was Rocawear .

7. On information and belief, Defendants' misrepresentations as to the genuineness of the Rocawear jeans were made with the knowledge, by Defendants, that the Rocawear jeans were non genuine.

8. Defendants knew that Plaintiff had a reputation of only selling genuine goods, and only would purchase genuine goods.

9. Defendants made the false statements and presented the falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit Rocawear goods.

10. Defendants' sale of counterfeit jeans to Plaintiff caused and will cause purchasers to believe Plaintiff was now selling counterfeit jeans.

11. Defendants have violated §43(a) of the Lanham Act as a result of selling counterfeit goods to Plaintiff, and inducing Plaintiff's sales to it's customers..

12. Defendants' acts have caused damage and injury to Plaintiff's reputation and good will, including but not limited to monetary damage.

6

13. As a result of Defendants' false representations, Plaintiff has suffered damage to its goodwill, namely that Plaintiff has aquired an unwanted and unwarranted reputation for selling non genuine jeans to customers.

## EIGHTH COUNT –TRADEMARK INFRINGEMENT

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.
15. This cause of action arises under the Lanham Act as a result of Defendants' use of Plaintiff's VIM trademark (Registration 1,714,524).
16. On information and belief, Defendants stated and implied to its customers and prospective customers, and VIM's potential customers, that VIM was a satisfied customer of its Rocawear jeans.
17. Defendants knew that Plaintiff was not a satisfied customer after it received the non genuine Rocawear jeans.
18. Defendants' acts have caused confusion, damage, injury, and a likelihood of confusion to Plaintiff.

## NINETH COUNT –BREACH OF CONTRACT

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as though fully set forth herein.
20. This cause of action arises under New York State law for Defendants' breach of their obligations as required under the purchase orders and contract for the jeans.
21. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.
22. Defendants agreed to supply only genuine goods to Plaintiff.
23. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.
24. Defendant supplied Plaintiff with counterfeit goods.
25. Defendant breached their obligation as a result of their supplying non genuine goods to Plaintiff.

26. Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

### TENTH COUNT - VIOLATION OF UCC

Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs as though fully set forth herein.

27. This cause of action arises under New York State law for Defendants' breach of their obligations under UCC § 2-312, and other sections..
28. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.
29. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.
30. Defendants supplied Plaintiff with non genuine goods.
31. Defendants breached their obligations under the UCC Warranty of Title and Against Infringement, namely that the goods were free from any rightful claims of trademark infringement.
32. Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.
33. Plaintiff has suffered, is suffering and will continue to suffer harm and damage as a result of Defendants' aforesaid activities.

**WHEREFORE**, Plaintiff demands judgment in an amount to be determined at trial, injunctive relief, and any other relief the Court deems just..

Respectfully submitted,

*[signature]*

Kenneth S. Feldman (KF 6003)
Feldman Law Group, PC
12 East 41st Street
New York, NY  10017
Phn: 212/532-8585
Fax: 212/532-8598